# EXHIBIT "A"

## FLSA SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between **Juan Alberto**, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Alberto") and **Danys Home Remodeling, Inc., d/b/a Fabricating By Design**, and its present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, and assigns, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, insurers, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Alberto and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Alberto.

WHEREAS, Alberto was employed by Danys Home Remodeling, Inc., d/b/a Fabricating By Design, and

WHEREAS, Alberto has alleged unlawful employment practices in violation of Florida and Federal law against The Released Parties by filing a lawsuit titled, *Juan Alberto and Jeremy Glenn v. Danys Home Remodeling, Inc., d/b/a Fabricating By Design*, Case No.: 8:16-cv-3136-T-24AAS (the "Lawsuit"), allegations which The Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. **Released Parties' Obligations to Alberto.** The Released Parties agree to pay to Alberto the total amount of Five Thousand Four Hundred Seventy-Five Dollars ($5,475.00), allocated as follows:

### Installment One (Due on or before March 15, 2017):

A. A payroll check in the amount of $618.75 made payable to Juan Alberto representing alleged unpaid minimum wages and overtime. This amount shall be treated as wages with the applicable taxes and legal deductions made; and

B. A check in the amount of $750.00 made payable to Alberto's attorneys, Morgan & Morgan, P.A., for attorneys' fees and costs.

### Installment Two (Due on or before April 14, 2017):

A. A check in the amount of $618.75 made payable to Juan Alberto representing alleged liquidated damages. No deductions shall be made and a 1099 will be issued; and

B. A check in the amount of $750.00 made payable to Alberto's attorneys, Morgan & Morgan, P.A., for attorneys' fees and costs.

### Installment Three (Due on or before May 15, 2017):

A. A payroll check in the amount of $618.75 made payable to Juan Alberto representing alleged unpaid minimum wages and overtime. This amount shall be treated as wages with the applicable taxes and legal deductions made; and

B. A check in the amount of $750.00 made payable to Alberto's attorneys, Morgan & Morgan, P.A., for attorneys' fees and costs.

### Installment Four (Due on or before June 15, 2017):

A. A check in the amount of $618.75 made payable to Juan Alberto representing alleged liquidated damages. No deductions shall be made and a 1099 will be issued; and

B. A check in the amount of $750.00 made payable to Alberto's attorneys, Morgan & Morgan, P.A., for attorneys' fees and costs.

The settlement payments described above shall be allocated in installments as outlined above and will be due in Alberto's counsel's office (c/o Kim De Arcangelis, Esq., 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801) by the dates specified, except as specified in Paragraph 2 below. Should The Released Parties fail to make a payment(s) of the settlement funds as described in this Agreement, Plaintiff's counsel shall give written notice of the default payment via email to counsel for The Released Parties at dstrader@slk-law.com. In the event that The Released Parties fail to cure the default by delivering the late payment to Plaintiff's counsel's office within five (5) calendar days of the written notice, the Parties stipulate to a final judgment against Danys Home Remodeling, Inc., d/b/a Fabricating By Design for the remaining unpaid balance of all payments due under this Agreement, plus attorneys' fees and costs for securing such judgment.

2. **Court Approval of the Settlement and Dismissal of Lawsuit.** Upon receipt of the fully executed Agreement, the Parties shall file a Joint Motion for Approval of the Settlement Agreement and for Dismissal of the Lawsuit with Prejudice. The Parties agree to reasonably cooperate to take any further actions necessary to obtain Court approval of this Agreement and dismissal of the Lawsuit with prejudice. In the event that the Court does not approve of this Agreement and dismiss the Lawsuit with prejudice at least five (5) calendar days prior to the due date of the first settlement payment described above, the due date of the first settlement payment shall be extended until five (5) calendar days after the Court does approve of this Agreement and dismiss the Lawsuit with prejudice. In such event, the due date for each subsequent settlement payment shall likewise be extended by an amount of time equal to the period of extension of the first settlement payment.

3. **Alberto's Obligations to the Released Parties.** Except as outlined in Paragraph 1 of this Agreement, Alberto acknowledges that no other payments are due and owing to him as a result of the hours worked and/or wages paid during his employment with The Released Parties. Alberto shall not initiate or instigate any future judicial or administrative proceedings against The Released Parties that in any way involve allegations or facts arising from the hours worked and/or wages paid during his employment with The Released Parties in any forum as of the date of execution of this Agreement.

4. **No Admissions.** By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

5. **Waiver of Reinstatement and Neutral Reference.** Alberto agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, The Released Parties. Alberto further agrees that The Released Parties shall not be under any obligation to employ or contract with him and that, should any application be made by him, The Released Parties shall not have any obligation to process that application or to hire him, and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law. If any prospective employer contacts The Released Parties regarding Alberto, The Released Parties will give a neutral reference indicating only Alberto's dates of employment, pay rate and position.

6. **Non-Disparagement.** No Party shall make or publish or instigate the making or publication of any statement (in verbal, written or electronic or other form) disparaging of the other Parties, their products, services, affairs or operations or their past or present directors, officers, employees, shareholders, owners or agents whether or not such disparagement constitutes libel or slander.

4

7. **Payment of Attorney's Fees.** Each Party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

8. **Authority to Enter Into Agreement.** The Parties represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this Agreement. The Parties represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

9. **Severability.** If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

10. **Execution of Agreement in Subparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

11. **Right to Attorneys' Fees for Enforcement.** In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement from the non-prevailing Party, including all fees and costs through all appeals.

12. **Choice of Law and Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles. The courts of Sarasota County, Florida, shall have exclusive

jurisdiction over the Parties with respect to any dispute or controversy between them arising under, relating to, or in connection with this Agreement, and the Parties consent to such jurisdiction in such courts and waive any objections to jurisdiction.

13. **No Reliance on Other Statements.** Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

14. **Full Participation.** The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

15. **Additional Facts.** The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

16. **Consultation.** The Parties acknowledge that they have been advised to consult an attorney prior to signing this agreement. The Parties understand that whether or not they consult with an attorney is their decision. In this respect, Alberto has consulted with and been advised by Kim De Arcangelis, Esquire in this matter and is satisfied that Ms. De Arcangelis has provided him with excellent legal advice and has explained to him all of his options in connection with this Agreement. In addition, Danys Home Remodeling, Inc., d/b/a Fabricating By Design has consulted with and been advised by Daniel Strader, Esquire in this matter and is

satisfied that Mr. Strader has provided excellent legal advice and has explained to the Company all of its options in connection with this Agreement.

17. **Full and Knowing Acceptance.** This Agreement, consisting of seven (7) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

Date: 2/26/17

*[signature]*
**JUAN ALBERTO**

Date: 2/27/17

**DANYS HOME REMODELING, INC., d/b/a Fabricating By Design**

*[signature]*
Sign
Print Name: Charles Danys
Representative of Danys Home Remodeling, Inc., d/b/a Fabricating By Design

7

## FLSA SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter referred to as "Agreement"), is entered into by and between **Jeremy Glenn**, on behalf of himself, his heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Glenn") and **Danys Home Remodeling, Inc., d/b/a Fabricating By Design**, and its present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, and assigns, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, insurers, and attorneys (hereinafter referred to collectively as "The Released Parties"). Throughout this Agreement, Glenn and The Released Parties shall collectively be referred to as the "Parties." This Agreement shall not in any way be construed as an admission by The Released Parties of any violation of any law or any other liability including common law liability to Glenn.

WHEREAS, Glenn was employed by Danys Home Remodeling, Inc., d/b/a Fabricating By Design, and

WHEREAS, Glenn has alleged unlawful employment practices in violation of Florida and Federal law against The Released Parties by filing a lawsuit titled, *Juan Alberto and Jeremy Glenn v. Danys Home Remodeling, Inc., d/b/a Fabricating By Design*, Case No.: 8:16-cv-3136-T-24AAS (the "Lawsuit"), allegations which The Released Parties vehemently deny;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. **Released Parties' Obligations to Glenn.** The Released Parties agree to pay to Glenn the total amount of Five Thousand Seven Hundred Seventy-Five Dollars ($5,775.00), allocated as follows:

**Installment One (Due on or before March 15, 2017):**

A.  A payroll check in the amount of $693.75 made payable to Jeremy Glenn representing alleged unpaid minimum wages and overtime. This amount shall be treated as wages with the applicable taxes and legal deductions made; and

B.  A check in the amount of $750.00 made payable to Glenn's attorneys, Morgan & Morgan, P.A., for attorneys' fees and costs.

**Installment Two (Due on or before April 14, 2017):**

A.  A check in the amount of $693.75 made payable to Jeremy Glenn representing alleged liquidated damages. No deductions shall be made and a 1099 will be issued; and

B.  A check in the amount of $750.00 made payable to Glenn's attorneys, Morgan & Morgan, P.A., for attorneys' fees and costs.

**Installment Three (Due on or before May 15, 2017):**

A.  A payroll check in the amount of $693.75 made payable to Jeremy Glenn representing alleged unpaid minimum wages and overtime. This amount shall be treated as wages with the applicable taxes and legal deductions made; and

B.  A check in the amount of $750.00 made payable to Glenn's attorneys, Morgan & Morgan, P.A., for attorneys' fees and costs.

**Installment Four (Due on or before June 15, 2017):**

A.  A check in the amount of $693.75 made payable to Jeremy Glenn representing alleged liquidated damages. No deductions shall be made and a 1099 will be issued; and

B.  A check in the amount of $750.00 made payable to Glenn's attorneys, Morgan & Morgan, P.A., for attorneys' fees and costs.

The settlement payments described above shall be allocated in installments as outlined above and will be due in Glenn's counsel's office (c/o Kim De Arcangelis, Esq., 20 N. Orange Avenue, Suite 1400, Orlando, FL 32801) by the dates specified, except as specified in Paragraph 2 below. Should The Released Parties fail to make a payment(s) of the settlement funds as described in this Agreement, Plaintiff's counsel shall give written notice of the default payment via email to counsel for The Released Parties at dstrader@slk-law.com. In the event that The Released Parties fail to cure the default by delivering the late payment to Plaintiff's counsel's office within five (5) calendar days of the written notice, the Parties stipulate to a final judgment against Danys Home Remodeling, Inc., d/b/a Fabricating By Design for the remaining unpaid balance of all payments due under this Agreement, plus attorneys' fees and costs for securing such judgment.

2. **Court Approval of the Settlement and Dismissal of Lawsuit.** Upon receipt of the fully executed Agreement, the Parties shall file a Joint Motion for Approval of the Settlement Agreement and for Dismissal of the Lawsuit with Prejudice. The Parties agree to reasonably cooperate to take any further actions necessary to obtain Court approval of this Agreement and dismissal of the Lawsuit with prejudice. In the event that the Court does not approve of this Agreement and dismiss the Lawsuit with prejudice at least five (5) calendar days prior to the due date of the first settlement payment described above, the due date of the first settlement payment shall be extended until five (5) calendar days after the Court does approve of this Agreement and dismiss the Lawsuit with prejudice. In such event, the due date for each subsequent settlement payment shall likewise be extended by an amount of time equal to the period of extension of the first settlement payment.

3.     **Glenn's Obligations to the Released Parties.** Except as outlined in Paragraph 1 of this Agreement, Glenn acknowledges that no other payments are due and owing to him as a result of the hours worked and/or wages paid during his employment with The Released Parties. Glenn shall not initiate or instigate any future judicial or administrative proceedings against The Released Parties that in any way involve allegations or facts arising from the hours worked and/or wages paid during his employment with The Released Parties in any forum as of the date of execution of this Agreement.

4.     **No Admissions.** By entering into this Agreement, no Party admits any liability, fault or wrongdoing.

5.     **Waiver of Reinstatement and Neutral Reference.** Glenn agrees not to apply for, solicit, seek or otherwise attempt to obtain or accept employment with, or to provide services in any manner to, The Released Parties. Glenn further agrees that The Released Parties shall not be under any obligation to employ or contract with him and that, should any application be made by him, The Released Parties shall not have any obligation to process that application or to hire him, and that the failure to process the application or to hire him shall not constitute a violation of any local, state or federal law. If any prospective employer contacts The Released Parties regarding Glenn, The Released Parties will give a neutral reference indicating only Glenn's dates of employment, pay rate and position.

6.     **Non-Disparagement.** No Party shall make or publish or instigate the making or publication of any statement (in verbal, written or electronic or other form) disparaging of the other Parties, their products, services, affairs or operations or their past or present directors, officers, employees, shareholders, owners or agents whether or not such disparagement constitutes libel or slander.

4

7. **Payment of Attorney's Fees.** Each Party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Paragraph 1.

8. **Authority to Enter Into Agreement.** The Parties represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this Agreement. The Parties represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims.

9. **Severability.** If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

10. **Execution of Agreement in Subparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

11. **Right to Attorneys' Fees for Enforcement.** In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity. The prevailing Party shall be entitled to recover its attorneys' fees and costs incurred in any proceeding to enforce this Agreement from the non-prevailing Party, including all fees and costs through all appeals.

12. **Choice of Law and Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regard to its choice of laws or conflict of laws principles. The courts of Sarasota County, Florida, shall have exclusive

jurisdiction over the Parties with respect to any dispute or controversy between them arising under, relating to, or in connection with this Agreement, and the Parties consent to such jurisdiction in such courts and waive any objections to jurisdiction.

13. **No Reliance on Other Statements.** Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement.

14. **Full Participation.** The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

15. **Additional Facts.** The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement.

16. **Consultation.** The Parties acknowledge that they have been advised to consult an attorney prior to signing this agreement. The Parties understand that whether or not they consult with an attorney is their decision. In this respect, Glenn has consulted with and been advised by Kim De Arcangelis, Esquire in this matter and is satisfied that Ms. De Arcangelis has provided him with excellent legal advice and has explained to him all of his options in connection with this Agreement. In addition, Danys Home Remodeling, Inc., d/b/a Fabricating By Design has consulted with and been advised by Daniel Strader, Esquire in this matter and is satisfied that

Mr. Strader has provided excellent legal advice and has explained to the Company all of its options in connection with this Agreement.

17.   **Full and Knowing Acceptance.** This Agreement, consisting of seven (7) pages, is freely and voluntarily entered into by the Parties. The Parties acknowledge that they have read this Agreement and that they understand the words, terms, conditions and legal significance of this Agreement.

Date: 02/26/17

JEREMY GLENN

DANYS HOME REMODELING, INC., d/b/a Fabricating By Design

Date: 2/27/17

Sign
Print Name: Charles Danys
Representative of Danys Home Remodeling, Inc., d/b/a Fabricating By Design

7